Cowin, J.
On April 25, 1996. defendant through its Chief Procurement Officer (CPO), advertised an Invitation for Bid (IFB) for “Professional Cleaning Services’ — Everett High School” in accordance with the provisions of Massachusetts General Laws Chapter 30B. The Bid Price Form included in each bid package asked the bidder to provide prices for the periods of July 1, 1996 through June 30, 1997; July 1, 1997 through June 30, 1998; and July 1, 1998 through June 30, 1999; a grand total of these prices; and the total number of productive man hours upon which the bid was based (see Bid Price Form attached).
Seven companies submitted bids to the CPO. Plaintiffs bid had a grand total (corrected for math error) of $296,653 based upon 28 man hours. Systems Management, Inc. (SMI) submitted a bid with a grand total of $298,716 based upon 36 man hours. Thus, plaintiffs bid was approximately $2,000 lower than that of SMI.
The CPO compared the various bids by evaluating the dollar cost based on the man hours proposed and concluded that SMI provided the lowest responsible bid. SMI was awarded the contract and was notified of this award by letter on June 13, 1996.
Plaintiff complains that the City failed to comply with the provisions of Ch. 30B, §5 which require that the City award the contract to the lowest responsible and responsive bidder. Plaintiffs bid was $2,000 less than that of SMI; thus plaintiff claims he should have been awarded the contract. Plaintiff now seeks a preliminary injunction to prevent the City from contracting with SMI.
A preliminary injunction is to be granted if there is: (1) a substantial likelihood that the plaintiff will succeed on the merits; (2) a substantial threat that plaintiff will suffer irreparable harm if the injunction is not granted; and (3) the threatened harm to the plaintiff outweighs the threatened harm the injunction may do to the defendant. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 616-17 (1980).The court may also consider the risk of harm to the public interest when deciding whether to issue a preliminary injunction. Brookline v. Goldstein, 388 Mass. 443 (1983).
The City claims that it awarded the contract to SMI because SMI proposed the lowest per hour cost based on the price and hours quoted; that is, the number of productive man hours nightly provided by SMI (36) was greater than the number of productive man hours offered by T&T (28). The City, however, did not write its bid form so as to indicate that the number of productive man hours was the controlling factor. The City was entitled to write specifications to emphasize the requirement of the number of productive man hours, but did not do so. The specification in the bid form indicated that the award was going to be made on the basis of the total price. Simply including a blank space on the specifications for the number of productive man hours per week is not sufficient. The City did not indicate that the number of productive man hours would govern the award of the contract rather than the total contract price. The City, rather, indicated the opposite. See Mari & Sons Flooring v. Southeastern Mass. University Building Authority, 3 Mass.App.Ct. 580, 587 (1975) (“whether the authority could, in its discretion have advertised for bids on a unit price basis is beside the point. The fact is that it did not do so.”)[1] The plaintiff hás met its burden of establishing a substantial likelihood of prevailing on the merits.
The Court is aware that one of the considerations in granting equitable relief is the availability of an adequate legal remedy. In the present case, a suit for damages would be a problematic remedy as funds must be appropriated by a municipal authority. However, even absent that concern, in this type of a case, it is important for courts to vindicate the public interest in fair competitive bidding procedures.
The City argues that the risk of harm to the public interest is great because a change in cleaning service companies will disrupt its ability to provide a clean high school for Everett students. There is no evidence to indicate that such is the case and common sense indicates that a change from one cleaning service to another is a minor disruption in the general scheme of things and probably will not disrupt the students at all. Further, it is extremely important to the public interest that bid requirements be enforced. “Public agencies which disregard or permit deviations from the prescribed bidding process create grave uncertainty among all interested parties and arouse public suspicion that something is amiss in the selection system.” Thorn Transit Systems International, Ltd. v. Massachusetts Bay Transportation Authority, 40 Mass.App.Ct. 650, 657 (1996) (Brown, J., concurring). “In the area of publicly bid contracts, the expeditious *172 action of a single justice is often the only way to preserve the legitimate rights of an unsuccessful bidder.” Id. There is a threat to the public interest in permitting the City to deviate from its specifications in awarding the contract.
For the above reasons, the plaintiffs application is allowed.
A preliminary injunction is to issue enjoining the City of Everett from making any further payments pursuant to the agreement made between the City of Everett and Systems Management Inc. for the cleaning of the Everett High School for the period July 1, 1996 through June 30, 1999 and a preliminary injunction is to issue ordering the City of Everett to issue a contract for the cleaning of the Everett High School for the period July 1, 1996 through June 30, 1999toT&T Janitorial Services and Sales, Inc. in accordance with its bid of $293,653.00.

The plaintiff argues that it relied on a statement by an agent of the defendant that productive man hours was unimportant in the bid. This representative denies making such a statement. In any event, I do not rely on this statement for my decision.